UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| EDWARD R. VANEK, et al., | CIVIL ACTION NO. 5:21-183-KKC-MAS |
| Plaintiffs, | |
| v. | **OPINION AND ORDER** |
| THE OHIO CASUALTY INSURANCE CO., et al., | |
| Defendants. | |

\*\*\* \*\*\* \*\*\*

On November 30, 2022, the Court granted summary judgment to defendant Ohio Casualty Insurance Company. (DE 54). The matter is now before the Court on plaintiffs Edward Vanek and Rhonda Olenik's simultaneously filed motions to alter or amend that judgment pursuant to FRCP 59(e). (DEs 57 & 58). For the following reasons, the Court will DENY both motions.

**I.**

The facts of this case are virtually undisputed and were recounted in the Court's previous opinion and order granting summary judgment to Ohio Casualty. (*See* DE 53). The case involved the interpretation of an uninsured motorist clause in a commercial auto insurance policy. The primary dispute was whether the car the decedents were driving at the time of the fatal accident was covered under the "temporary auto" provision of the insurance contract. The relevant clause stated:

> Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

The Court held that this temporary auto clause was only triggered if the insured could prove that no vehicles covered under the policy were available because of breakdown, repair, etc. The Court, sitting in diversity, based this interpretation on clear law—a Kentucky Court of Appeals decision that involved a nearly identical insurance policy clause. Because one of the vehicles covered under the policy was available, and not out of service at the time of the incident, the car the plaintiffs occupied at the time of the crash was not a temporary substitute under the clause. Accordingly, the Court granted summary judgment to Ohio Casualty.

Both motions before the Court make the same two arguments. First, that the Court improperly relied upon the Kentucky Court of Appeals' decision because it contravened the Kentucky Supreme Court. Second, that if the Court does not find that argument meritorious, then it should certify a question to the Kentucky Supreme Court regarding the interpretation of the clause.

## II.

To succeed on a motion under FRCP 59(e), the movant must show (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Erickson v. Renfro*, No. 5:14-CV-265-KKC, 2015 WL 5475988, at *1 (E.D. Ky. Sept. 10, 2015) (citing *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)). Neither plaintiff states the specific grounds under which they request relief, but the Court will assume, based on their arguments, that they argue a clear error of law. Whatever the argument, the law is clear that Rule 59 motions "are not intended to allow a party to rehash old arguments." *Davenport v. Corr. Corp. of Am.*, No. CIV.A. 05-CV-86-HRW, 2005 WL 2456241, at *1 (E.D. Ky. Oct. 4, 2005). If the moving party wishes to present essentially the same arguments that the Court previously considered, then the proper vehicle for relief is an appeal. *Id.*

Both Vanek and Olenik argue that the Court applied the incorrect controlling law in interpreting the insurance contract. Neither argue that the Kentucky Court of Appeals did not in fact interpret a clause virtually identical to the clause at issue here. In *Estate of Turner v. Globe Indemnity Co.*, that court held the following:

> [F]or [the plaintiff] to prevail, she needed to provide some evidence to show: (1) *that no company vehicle was available for her husband because of breakdown, repair, servicing, loss or destruction*, and (2) that Turner was driving his personal vehicle because of this unavailability. . . . [W]e believe the trial court correctly concluded that there were serviceable fleet vehicles available to [the decedent], and that he chose to drive his own vehicle for his own convenience.

223 S.W.3d 840, 842 (Ky. Ct. App. 2007) (emphasis added). Plaintiffs instead argue that this holding conflicts with the Kentucky Supreme Court's holding in *Kemper Nat. Ins. Cos. v. Heaven Hill Distilleries, Inc.* and other (uncited) cases. The thrust of the argument is that the Kentucky Supreme Court has held that courts should interpret insurance contracts "without disregarding or inserting words or clauses, and seeming contradictions should be harmonized if reasonably possible." 82 S.W.3d 869, 875–76 (Ky. 2002). And in holding that the policy here required that all covered autos be unavailable to trigger the temporary auto coverage, this Court and the Kentucky Court of Appeals impermissibly inserted words into the contractual language. Essentially, the argument is that the Court read the words "all covered autos" into the clause.

This argument fails for several reasons. First, and most importantly, the Court cannot disregard the decision of the Kentucky Court of Appeals—especially when the clauses at issue in the state court case and the present case are so similar. "Where a state's highest court has not spoken on a precise issue, a federal court may not disregard a decision of the state appellate court on point, unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1485 (6th Cir. 1989). There is simply no persuasive data suggesting the Kentucky Supreme Court would decide otherwise.

Though the plaintiffs speculate as to the ultimate motivation, the fact remains that the Kentucky Supreme Court declined to review the Court of Appeals case that interpreted this contract provision. *Kemper*'s statements on general contract interpretation principles in a factually distinguishable case do not persuade the Court to ignore the Kentucky Court of Appeals' on point holding in *Turner*. Under the only controlling Kentucky law available to this Court, the clause at issue does not allow for the plaintiffs' recovery under the facts of this case.

Second, the Kentucky Court of Appeals' decision in *Turner* does not conflict with the general maxim of contract interpretation espoused in *Kemper*. Neither the Kentucky Court of Appeals' nor this Court disregarded or inserted any words into the nearly identical contractual provisions before them. And, again, it is not a clear error of law for the Court to rely on the Kentucky Court of Appeals' on point decision. Further, the plaintiffs already raised the argument that the decision in *Turner* is inapplicable to the case at bar. Accordingly, there is no basis for the Court to alter or amend its judgment pursuant to FRCP 59(e).

### III.

The plaintiffs also ask the Court to certify a question to the Kentucky Supreme Court, arguing that the Kentucky Court of Appeals decision in *Turner* "is in direct contravention to controlling Kentucky Supreme Court authority." (DE 57-1, at 5). For the following reasons, the Court will deny this request.

Kentucky Rule of Appellate Procedure 50(a) allows the district courts to certify questions of Kentucky law to the Kentucky Supreme Court. It states:

> If in any proceeding before any federal court or the highest appellate court of any other state or the District of Columbia, questions of law of this state may be determinative of the cause then pending before that originating court, and it appears to that court or a party that there is no controlling precedent in the decisions of the Supreme Court and the Court of Appeals of this state, a request that the Kentucky Supreme Court certify the law may be made by the originating court.

As a threshold matter, the Rule permits such an inquiry only when the question of law may be determinative and there appears to be no controlling precedent in either the Kentucky Supreme Court or the Kentucky Court of Appeals. Here, as outlined above, there is controlling precedent in the Kentucky Court of Appeals. The plaintiffs argue that the perceived discrepancy between *Turner* and the general contract principles espoused in *Kemper* "effectively" means there is no controlling precedent. This argument is unpersuasive.

Kentucky Appellate Rule 50(a) also makes clear that the district court has discretion when presented with a request for certification. Though certification can be a "useful tool" to promote judicial efficiency, "certification should not be used . . . every time the state law is somewhat unclear. *Neeley v. Wolters Kluwer Health, Inc.*, 311 F.R.D. 427, 431 (E.D. Ky. 2015). In fact, the Sixth Circuit has stated that "the federal courts generally 'will not trouble our sister state courts every time an arguably unsettled question of state law comes across our desks. When we see a reasonably clear and principled course, we will seek to follow it ourselves.'" *State Auto Prop. & Cas. Ins. Co. v. Hargis*, 785 F.3d 189, 194 (6th Cir.2015) (quoting *Pennington v. State Farm Mut. Auto. Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009)). Here, the Kentucky Court of Appeals provided the Court with a reasonably clear and principled course.

Moreover, the plaintiffs' request for certification is untimely. The appropriate time for a party to request certification is before the district court has resolved the issue. *Id.* "Post-judgment requests for certification after a litigant has lost are strongly disfavored in this circuit." *Boyd Cnty. ex rel. Hedrick v. Merscorp, Inc.*, 985 F. Supp. 2d 823, 835 (E.D. Ky. 2013) (quoting *Town of Smyrna, Tennessee v. Municipal Gas Authority*, 723 F.3d 640 (6th Cir. 2013)).

Still, certification is within the district court's discretion—even at this stage of the litigation. But the plaintiffs do not meet their burden to show certification is warranted at this time.

Both Vanek and Olenik say they failed to request certification before the adverse judgment because they did not anticipate the Court deciding the case on *Turner*, and only now do they recognize a conflict between *Turner* and the Kentucky Supreme Court's general contract interpretation principles. (*See* DEs 57-1 at 5 and 58-1 at 6). This is unpersuasive. In their summary judgment briefing, the parties explicitly and extensively argued over *Turner* and the same issues of contract interpretation at the heart of these post-judgment motions. The argument that one could not have anticipated the Court's reliance on on-point, controlling state law authority strains credulity. It is a rare case that requires certification, and the delay inherent in the certification process would be unreasonable at this point in the litigation. See *Cutter v. Ethicon, Inc.*, No. CV 5:19-443-DCR, 2021 WL 5707727, at *4 (E.D. Ky. Dec. 1, 2021). The Court will not certify the plaintiffs' proposed question to the Kentucky Supreme Court.

## IV.

Accordingly, the Court hereby ORDERS that Edward Vanek's motion to amend (DE 57) and Rhonda Olenik's motion to amend (DE 58) are BOTH DENIED.

This 14th day of April, 2023.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY